UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON KOOS,

        Petitioner,        Civil No. 2:15-CV-10510
                              Honorable Gerald E. Rosen

v.

MARY BERGHUIS,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S
## MOTION FOR APPOINTMENT OF COUNSEL

Petitioner Jason Koos filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Now before the Court is Petitioner's Motion for Appointment of Counsel. Petitioner states that counsel is needed because the issues raised in the petition are complex and his imprisonment impairs his ability to investigate the issues

Petitioner has no absolute right to be represented by counsel on federal habeas corpus review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The Court determines that the interests of justice

do not require appointment of counsel at this time.

The Court DENIES WITHOUT PREJUDICE Petitioner's Motion for Appointment of Counsel (ECF No. 12). If the Court finds appointment of counsel necessary at a future point in the proceedings, the Court will *sua sponte* reconsider Petitioner's request for counsel.

**SO ORDERED.**

s/Gerald E. Rosen
United States District Judge

Dated: March 15, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 15, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135