# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JASON KOOS,

                Petitioner,                Case Number: 2:15-CV-10510
                                                HONORABLE GERALD E. ROSEN

v.

MARY BERGHUIS,

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

This matter is before the Court on Petitioner Jason Koos' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges proceedings arising from two probation violations which resulted in his being sentenced to two concurrent terms of four years, 9 months to 10 years imprisonment for his underlying offenses of two counts of driving while intoxicated with an occupant under the age of 16. He raises five grounds for relief. Respondent has filed a response in opposition arguing that the claims are without merit. The Court denies the petition and declines to issue a certificate of appealability.

### I.  Background

On November 11, 2011, Petitioner pleaded no contest in Tuscola County Circuit Court to two counts of operating a motor vehicle with an occupant less than 16 years of

age.  He was sentenced to one year in the county jail and five years probation.  *See*
1/19/12 Sentence Transcript, ECF No. 9-5.

Approximately one year into his five year term of probation, Petitioner pleading
guilty to two probation violations, drinking alcohol and using marijuana.  *See* 3/13/13
Plea Transcript, ECF No. 9-8.  Petition was released back to probation while awaiting
sentencing.  When he was released, he was information by his probation/parole agent,
Denise Dutoi, that he could not reside at his previous residence in Genesee County
because of pending domestic abuse charges and a personal protection order.  *See* 4/11/13
Probation Violation Hearing, ECF No. 9-11, Pg. ID 7.  Agent Dutoi advised Petitioner
that he would have to reside in Tuscola County, the county where he was placed on
probation, and report his address to her.  *Id.* at Pg. ID 8-9.  Petitioner did not comply with
Agent Dutoi's directive to report his address or to report in person to her office.  *Id.* at Pg.
ID 9-11.  A bench warrant was issued on March 15, 2013, and Petitioner was taken into
custody.  Following a hearing, Petitioner was convicted of two probation violations.  *See*
*id.* at Pg. ID 317-18.  On April 18, 2013, he was sentenced to 57 months to 10 years in
prison for the underlying convictions of operating a vehicle while intoxicated with an
occupant under the age of 16.  *See* 4/18/13 Sentencing Transcript, ECF No. 9-13.

Petitioner filed an application for leave to appeal in the Michigan Court of
Appeals, raising these claims: (i) Circuit Court lacked jurisdiction because of deficient
probation violation petition; (ii) judicial officers falsified warrant/petition; (iii) due
process violated because notice was not given prior to April 11 hearing; (iv) *Brady*

2

violation; (v) actual innocence; (vi) denied opportunity to correct errors in presentence

investigation report; and (vii) denied effective assistance of counsel.  The Michigan Court

of Appeals denied Petitioner's application for leave to appeal "for lack of merit in the

grounds presented."  *People v. Koos*, No. 321209 (Mich. Ct. App. May 23, 2014).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising

the same claims raised in the Michigan Court of Appeals.  The Michigan Supreme Court

denied leave to appeal.  *People v. Koos*, 497 Mich. 904 (Mich. 2014).

Petitioner then filed the pending habeas petition.  He raises these claims:

I.      The Circuit Court had no jurisdiction because there was no probation violation petition filed against him to conduct the April 11, 2013 hearing or sentence him based on his March 13, 2013 probation violation because it was never considered in the April 11 hearing.

II.     Koos's due process rights were violated where he never received notice of the claimed violations of probation prior to the April 11 hearing.

III.    The prosecutor violated Koos's state and federal constitutional rights to a full and fair hearing by engaging in misconduct where the prosecutor withheld *Brady* materials where the request discovery materials were never provided to the defense.

IV.     Koos was denied his due process rights to a fair sentencing where he was not provided his Presentence Investigation Report (PSIR) until the day prior to sentencing, which denied him and opportunity to correct errors within his PSIR.

V.      Koos was denied his right to the effective assistance of defense counsel.

        a.      Defense counsel failed to object to a legal error in the sentencing guidelines.

        b.      Defense counsel failed to request a continuation of the April 11 hearing until he obtained the discovery materials, especially not

3

knowing if the discovery contained *Brady* materials.

## II. Standard

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 408. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal

4

system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." *Id.*

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" Supreme Court precedent. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)) (Stevens, J., concurring)).

Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

Additionally, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, — U.S. —, 131 S.Ct. 1388, 1398 (2011).

### III. Discussion

### A. Jurisdiction-Related Claim

Petitioner's first claim concerns the state court's jurisdiction over his probation violation. He argues that the state court failed to acquire personal jurisdiction over him because the probation violation petition was not filed in state court, as is required under Michigan law.

The determination of whether a particular state court is vested with jurisdiction under state law and is the proper venue to hear a criminal case is a "function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *see also Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001). It is well-settled that a perceived violation of state law may not provide a basis for federal habeas relief. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The Court may grant a writ of

habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  "[A] state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review."  *Strunk,* 27 F. App'x at 475.  Thus, Petitioner's jurisdiction-related claim does not state a claim upon which relief may be granted.

### B.  Notice of Probation Violation Charges

Petitioner argues that his right to due process was violated because he was not given notice of the alleged probation violations (failure to report as instructed and failure to comply with a verbal order) prior to his April 11, 2013 probation violation hearing.

Under clearly established Supreme Court law, while probation revocation involves a loss of liberty, "[p]robation revocation, like parole revocation, is not a stage of a criminal prosecution."  *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973).  As a result, a probationer facing revocation is only subject to the minimum requirements of due process as provided to a parolee facing revocation under *Morrissey v. Brewer*, 408 U.S. 471, 786 (1972).  This right includes, among other things, written notice of the claimed violations of probation.  *Morrissey*, 408 U.S. at 489.  "The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense."  *Olsen v. McFaul*, 843 F. 2d 918, 930 (6th Cir. 1988).

In this case, the record clearly shows that Petitioner received fair notice of the charges against him.  At the arraignment for the probation violation, Petitioner stated that

7

he had reviewed the bench warrant that had been filed in the case. 3/28/13 Probation

Violation Arraignment, ECF No.15-9, Pg. ID 255. In addition, he made several

statements at the arraignment showing that he was familiar with the charged violations.

Thus, the Court finds no due process violation.

### C. *Brady* Claim

Petitioner next argues that the prosecutor violated *Brady v. Maryland,* 373 U.S. 83

(1963). Petitioner maintains that the prosecution failed to turn over records related to

Petitioner's probation, prior sentencing information, and a personal protection order

issued against him.

To demonstrate a *Brady* violation, (1) "[t]he evidence at issue must be favorable to

the accused, either because it is exculpatory, or because it is impeaching;" (2) "that

evidence must have been suppressed by the State, either willfully or inadvertently;" and

(3) "prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

"There is no *Brady* violation where a defendant knew or should have known the essential

facts permitting him to take advantage of any exculpatory information, or where the

evidence is available . . . from another source, because in such cases there is really

nothing for the government to disclose." *Coe v. Bell*, 161 F.3d 320, 344 (6th Cir. 1998)

(internal quotation marks omitted). A defendant does not have to show that "disclosure

of the evidence would have ultimately led to an acquittal;" he must, instead "establish that

in the absence of the evidence he did not receive a fair trial, 'understood as a trial

resulting in a verdict worthy of confidence.'" *Gumm v. Mitchell*, 775 F.3d 345, 363 (6th

Cir. 2014), quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

The Michigan Court of Appeals denied this claim in a one-sentence summary order finding no merit in any of the claims raised in Petitioner's application for leave to appeal. *See People v. Koos*, No. 321209 (May 23, 2014). The Michigan Court of Appeals' summary denial of Petitioner's claim is, nevertheless, entitled to deference under § 2254(d). Where a state court denies a claim on the merits, but without explanation, "a habeas court must determine what arguments or theories ... could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with [Supreme Court precedent]." *Harrington*, 562 U.S. at 102. Accordingly, the question here is whether any reasonable argument consistent with established Supreme Court law could support the state court decision summarily rejecting Petitioner's claim.

Petitioner has not shown that any of the evidence allegedly withheld by the prosecution was unknown or unavailable to him. *Brady* does not require the prosecution to produce materials not within the prosecution's exclusive control. *Coe*, 61 F.3d at 344 (no *Brady* violation when a defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory information). The materials cited by Petitioner are either matters of public record or were not within the exclusive control of the prosecution. The *Brady* disclosure doctrine, therefore, is not implicated. Petitioner has failed to show the state court's conclusion that this claim lacked merit was contrary to or an unreasonable application of Supreme Court precedent.

9

### D.  Pre-Sentence Investigation Report Claim

Next, Petitioner argues that his right to due process was violated because he was not provided access to his pre-sentence investigation report (PSIR) until the day prior to sentencing, which denied him the opportunity to correct errors in the PSIR.

A sentence violates due process if it is based on "misinformation of constitutional magnitude[,]" *Roberts v. United States*, 445 U.S. 552, 556 (1980), or "extensively and materially false" information, which the defendant had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736 (1948).  "*Townsend* and its progeny are generally viewed as having established a due process 'requirement that a defendant be afforded the opportunity of rebutting derogatory information demonstrably relied upon by the sentencing judge, when such information can in fact be shown to have been materially false.'" *Stewart v. Erwin*, 503 F.3d 488, 495 (6th Cir. 2007), quoting *Collins v. Buchkoe*, 493 F.2d 343, 345 (6th Cir. 1974).  But, "there is no federal constitutional right to a presentence investigation and report." *Bridinger v. Berghuis*, 429 F. Supp. 2d 903, 909 (E.D. Mich. 2006).  There is also no constitutional right that a defendant be provided a particular period of time to review such a report.  *See id.*

Petitioner was provided with the PSIR a day before sentencing and, during the sentencing hearing, was provided an opportunity to challenge the scoring of the contents of the PSIR.  Petitioner also presented his sentencing claims to the state courts on appeal.  Thus, he had an opportunity to rebut the information relied upon by the sentencing court.  This opportunity satisfied the *Townsend* requirements.  Petitioner fails to establish that

10

the state trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct.   No due process violation occurred and habeas relief is denied.

Moreover, Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not cognizable on federal habeas review because it is based solely on state law.  *See McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006).  "A federal court may not issue the writ on the basis of a perceived error of state law."  *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Therefore, a claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is non-cognizable on habeas corpus review. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003).  This claim does not entitle Petitioner to habeas relief.

## E.  Ineffective Assistance of Counsel Claim

Finally, Petitioner argues that he received ineffective assistance of counsel. Specifically, he argues that his defense attorney was ineffective in failing to object to the scoring of offense variables and failing to obtain a continuance of the April 11, 2013 probation violation hearing to allow for disclosure of all requested discovery materials.

The standard for obtaining habeas corpus relief is "'difficult to meet.'"  *White v. Woodall*, — U.S. —, 134 S. Ct. 1697, 1702 (2014), *quoting Metrish v. Lancaster*, 569 U.S. —, —, 133 S. Ct. 1781, 1786 (2013).  In the context of an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984), the standard is "all the more difficult" because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so."  *Harrington*, 562 U.S. at 105 (internal citations and quotation marks omitted).  "[T]he question is not whether counsel's actions were reasonable"; but whether "there is any reasonable argument that counsel satisfied *Strickland*'*s* deferential standard."  *Id.*

A violation of the Sixth Amendment right to effective assistance of counsel is established where an attorney's performance was deficient and the deficient performance prejudiced the defense.  *Strickland*, 466 U.S. at 687.  An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.* at 687.  "Judicial scrutiny of counsel's performance must be highly deferential."  *Id.* at

12

689.  The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotes omitted)).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.  The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

### 1.    Scoring of Offense Variables

Petitioner argues first that counsel was ineffective in failing to object to the scoring of offense variables 2, 3, 10, 17, and 18.  Offense variable (OV) 2 allows one point to be scored when a defendant "possessed or used any other potentially lethal weapon" other than firearms, explosives or other listed weapons (which allowed for the scoring of more points).  Mich. Comp. Laws 777.32(1)(e).  Petitioner argues that a vehicle should not have been considered a potentially lethal weapon.  Under Michigan law, when a motor vehicle is driven erratically or dangerously it may be considered a potentially lethal

13

weapon. *People v. Vann*, No. No. 314561, 2014 WL 2040051 (Mich. Ct. App. May 15, 2014). Here, Petitioner drove his vehicle while intoxicated, swerved off the road, into a ditch, and struck a tree. *See* ECF No. 9-15, Pg. ID 453. Given these circumstances, it was not unreasonable for counsel to conclude that OV 2 was properly scored at one point.

Petitioner challenges the scoring of five points to OV 3. OV 3 allows for the scoring of five points where bodily injury not requiring medical treatment occurred to a victim. Mich. Comp. Laws § 777.33(1). The record shows that Petitioner suffered minor cuts on his face that did not require medical attention. *See* ECF No. 9-15, Pg. ID 453. The Michigan Supreme Court has held that a "victim" is "any person who is harmed by the defendant's criminal actions," and does not preclude "self-inflicted harm." *People v. Laidler*, 491 Mich. 339, 348 n.5 (Mich. 2012). Michigan law, therefore, supported a scoring of five points based upon Petitioner's own injuries and counsel was not ineffective in failing to challenge the scoring.

OV 10 may be scored at ten points where an offender exploits a victim's youth or abuses his authority. Mich. Comp. Laws § 777.40(1). Here it was reasonable for counsel not to object to the scoring of this variable where Petitioner placed his young children in a car, drove them while intoxicated, and crashed into a tree. These same facts support the scoring of five points for OV 17, which allows for such scoring when an offender fails to show the degree of care that a person of ordinary prudence would have shown. Mich. Comp. Laws § 777.47.

14

Finally, Petitioner challenges the scoring of fifteen points for OV 18. Mich. Comp. Laws § 777.48 provides for scoring fifteen points for an offender who operates a vehicle with 0.15 or more blood alcohol content. The presentence investigation report showed that two separate measures of Petitioner's blood alcohol content were taken, and one showed a blood alcohol content of 0.15. Michigan law allows a trial court to rely on a presentence report as accurate evidence in sentencing. *See People v. Callon*, 256 Mich. App. 312, 334 (Mich. Ct. App. 2003). Therefore, the trial court's scoring was supported by the record and counsel was not ineffective in failing to object.

### 2.     Continuance of Probation Violation Hearing

Petitioner also argues that his attorney was ineffective in failing to request a continuance of the April 11, 2013, probation violation hearing. He argues that a continuance was necessary to allow defense counsel to obtain requested discovery materials, the same materials he claims the prosecution failed to disclose in violation of *Brady*. As discussed above, Petitioner failed to show that the prosecution withheld any *Brady* material. Counsel, therefore, had no basis for requesting a continuance of the probation violation hearing. Habeas relief is denied on this claim.

15

## IV.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that none of the claims in the habeas petition warrant relief. Therefore, the Court will deny a certificate of appealability.  The Court also concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith.  *See* Fed. R. App. P. 24(a).  Accordingly, the Court will also deny leave to proceed *in forma pauperis* on appeal.

## V.  Conclusion

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus, and a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**.

It is further **ORDERED** that Petitioner's Motion to Request a Speedy Answer

16

(ECF No. 15) is **DENIED AS MOOT**.

s/Gerald E. Rosen                                  
United States District Judge

Dated:  August 29, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 29, 2016, by electronic and/or ordinary mail.

s/Julie Owens                                  
Case Manager, (313) 234-5135

17